William J. VONDERHAAR, Plaintiff-Appellant,

v.

SOO LINE RAILROAD COMPANY, a Minnesota Corporation, Defendant-Respondent,

LODGING ENTERPRISES, INC., a Kansas Corporation, Defendant.

Court of Appeals

*No. 00–0304. Submitted on briefs September 12, 2000.—Decided March 15, 2001.*

2001 WI App 77

(Also reported in 626 N.W.2d 314.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John D. Magnuson* of *Yaeger, Jungbauer, Barczak, Roe & Vucinovich, PLC*, Minneapolis, Minnesota, and *Michael J. Brose* of *Doar, Drill & Skow*, New Richmond.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael P. Crooks* and

*Ryan D. Burke* of *Peterson, Johnson & Murray, S.C.*, Madison.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

¶ 1. DYKMAN, P.J. William J. Vonderhaar appeals from an order dismissing his negligence claim against his employer, Soo Line Railroad Company, under the Federal Employers' Liability Act (FELA). Vonderhaar suffered various injuries after slipping and falling while on the job. Vonderhaar argues that the circuit court erred in granting summary judgment for Soo Line because the question of foreseeability of harm was a question for the jury. Soo Line argues that it had no notice of dangerous conditions, and that any harm to Vonderhaar was therefore unforeseeable. We conclude that, given the liberal standards of foreseeability under FELA, Soo Line has failed to make a prima facie case for summary judgment. Accordingly, we reverse.

## I. Background

¶ 2. The pleadings and affidavits set forth the following facts. Soo Line employed Vonderhaar as a locomotive engineer. Vonderhaar ran trains from Dubuque, Iowa, to La Crosse, Wisconsin. Between runs, Soo Line lodged Vonderhaar and other employees at a motel in La Crosse owned by Lodging Enterprises, Inc. On January 21, 1996, Vonderhaar was walking across the motel courtyard sidewalk, which was covered with ice and snow, on his way to return his motel key. He slipped and fell, sustaining several injuries.[1]

---

[1] In his brief, Vonderhaar argues that he was within the scope of employment, as required under FELA, at the time of his

749

Vonderhaar sued Soo Line, alleging a negligence claim under FELA.[2] Soo Line moved for summary judgment, the trial court granted the motion, and Vonderhaar appeals.

## II. Analysis

¶ 3.   Vonderhaar argues that the issue of foreseeability of harm should have been left to the jury because a material question of fact exists with respect to this question. Soo Line argues that summary judgment was properly granted because it had no notice of dangerous conditions. While we conclude that summary judgment should not have been granted in this case, our decision is based on a determination that Soo Line failed to make a prima facie case for summary judgment.

¶ 4.   We review a grant or denial of summary judgment de novo, using the same methodology as the circuit court. *M&I First Nat'l Bank v. Episcopal Homes Mgmt., Inc.,* 195 Wis. 2d 485, 496, 536 N.W.2d 175 (Ct. App. 1995). The methodology is well known and we need not repeat it in its entirety here, except to observe that summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 496–97.

¶ 5.   FELA is a broad remedial statute that courts construe liberally to effectuate Congress's intent to

fall. Soo Line does not respond to this argument, therefore we take it as conceded. *See State v. Peterson,* 222 Wis. 2d 449, 459, 588 N.W.2d 84 (Ct. App. 1998).

[2] Vonderhaar also sued Lodging Enterprises, Inc., alleging a common law negligence claim.

protect railroad employees. *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 542–43 (1994); *Stevens v. Bangor & Aroostook R.R. Co.*, 97 F.3d 594, 597 (1st Cir. 1996).[3] The standard for liability under FELA is low, *Stevens*, 97 F.3d at 598, and the plaintiff's burden in a FELA action is "significantly lighter than it would be in an ordinary negligence case," *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 832 (7th Cir. 1994).

■

¶ 6.    "[T]he role of the jury is significantly greater in . . . FELA cases than in common law negligence actions. The right of the jury to pass upon the question of fault . . . must be most liberally viewed." *Johannessen v. Gulf Trading & Transp. Co.*, 633 F.2d 653, 656 (2d Cir. 1980). FELA actions are commonly submitted to juries on "evidence scarcely more substantial than pigeon bone broth." *Harbin v. Burlington N. R.R. Co.*, 921 F.2d 129, 132 (7th Cir. 1990). "The right to a jury determination is part and parcel of the liberal remedy afforded the working person under . . . FELA." *Id.* at 131.

---

[3] The Federal Employer's Liability Act is codified at 45 U.S.C. §§ 51–60 (2000). *See Harbin v. Burlington N. R.R. Co.*, 921 F.2d 129, 129 (7th Cir. 1990). Section 51 reads in part:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

¶ 7.   We recognize that "a FELA plaintiff is not impervious to summary judgment." *Lisek*, 30 F.3d at 832. FELA is not a strict liability statute that turns a railroad into its employees' insurer. *See Williams v. National R.R. Passenger Corp.*, 161 F.3d 1059, 1061 (7th Cir. 1998); *Robinson v. Burlington N. R.R. Co.*, 131 F.3d 648, 651 (7th Cir. 1997).

¶ 8.   Nevertheless, the lowered evidentiary standard must guide our review on a summary judgment motion. *Lisek*, 30 F.3d at 832. "[T]he lightened burden of proof means a correspondingly easier task for a plaintiff defending a summary judgment motion; because [the] burden at trial is so low, a FELA plaintiff can survive a motion for summary judgment 'when there is even slight evidence of negligence.' " *Id.*; *see also Harbin*, 921 F.2d at 130–31.

¶ 9.   Turning to our summary judgment methodology with those standards in mind, we first examine the complaint to determine whether it states a claim, and then the answer to determine whether it presents a material issue of law or fact. *See Guenther v. City of Onalaska*, 223 Wis. 2d 206, 210, 588 N.W.2d 375 (Ct. App. 1998). Vonderhaar's complaint states that Soo Line was negligent under FELA based on eleven specific allegations and that he lost wages and sustained various injuries in whole or in part as a result of Soo Line's negligence. Soo Line's answer denies most of the factual allegations and asserts affirmative defenses, thus raising issues of fact and law.

¶ 10.   Because the parties have raised issues of fact and law, we next examine Soo Line's affidavits and other proof to determine whether it has made a prima facie case for summary judgment. *See Swatek v. County*

*of Dane*, 192 Wis. 2d 47, 62, 531 N.W.2d 45 (1995). However, we first turn to FELA case law in order to put Soo Line's proof in its proper context.

■

¶ 11.   FELA is grounded in common law concepts of negligence. *Consolidated Rail*, 512 U.S. at 543; *Urie v. Thompson*, 337 U.S. 163, 182 (1949); *Robinson*, 131 F.3d at 652. However, FELA claims are governed by federal substantive law: "What constitutes negligence for the statute's purposes is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state and local laws for other purposes." *Robinson*, 131 F.3d at 652 (citing *Urie*, 337 U.S. at 174).

■

¶ 12.   In order to establish negligence under FELA, a plaintiff must offer evidence on duty, breach, damages, foreseeability, and causation. *Stevens*, 97 F.3d at 598; *Fulk v. Illinois Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994). In this appeal, both parties focus on the foreseeability element.

■

¶ 13.   Under FELA, the plaintiff must be able to establish that a reasonable person in the employer's position would foresee the potential for harm, *Kossman v. Northeast Illinois Reg'l Commuter R.R. Corp.*, 211 F.3d 1031, 1036 (7th Cir. 2000); *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 300 (7th Cir. 1996), or that the unsafe condition was one the employer could have discovered upon inspection, *see Williams*, 161 F.3d at 1063.

¶ 14.   In support of its motion for summary judgment, Soo Line submitted the affidavit of Greg Simmons, a Soo Line litigation manager; the affidavit

of Pat Siverling, a Soo Line trainmaster; and excerpts from Vonderhaar's deposition testimony.[4]

¶ 15.   The excerpt from Vonderhaar's deposition reveals that he never specifically complained about ice on the spot where he slipped, but that he did complain about at least one other condition at the motel related to snow and ice. For example, Vonderhaar testified that one of the motel's doors was "always getting ice on it" and unsafe because he had to push so hard to open it.

¶ 16.   Siverling's affidavit states that Siverling was the trainmaster who would normally receive complaints about dangerous conditions from Soo Line employees such as Vonderhaar. According to Siverling, no employee, including Vonderhaar, ever made any complaints to him about icy or dangerous conditions at the motel.

¶ 17.   Simmons' affidavit states that he had supervised litigation for Soo Line in Wisconsin, Minnesota, and Iowa since 1991. Simmons stated that, to his knowledge, Soo Line never had a complaint or prior claim regarding slippery conditions at the motel. Simmons also stated that he had consulted with Soo Line's other litigation manager and made other inquiries. Despite this further investigation, he did not believe that any prior complaints had ever been made about dangerous or slippery conditions at the motel.

¶ 18.   The gist of Soo Line's evidence is that Vonderhaar's claim was properly dismissed because Soo Line had no prior, actual notice of problems with icy conditions in the sidewalk courtyard or reports of

---

[4] The copy of the Siverling affidavit in the record is separated from Soo Line's other summary judgment materials, but based on its content we presume that Soo Line, not Vonderhaar, submitted it.

prior accidents like Vonderhaar's. We are not satisfied that this is enough to establish that Vonderhaar's claim was barred, as a matter of law, under FELA.

¶ 19. In *Kimbler v. Pittsburgh & Lake Erie R.R. Co.*, 331 F.2d 383, 384 (3d Cir. 1964), a FELA plaintiff slipped and fell on ice-covered wooden steps built and maintained by her railroad employer on her way to work. No salt, sand, or other such material had been spread on the steps. *Id.* The railroad argued that a reasonable person would not know that she or he was required to put anti-slipping material on steps in the winter. *Id.* at 385. The Third Circuit Court of Appeals disagreed, relying on the trial court's reasoning that "[i]ce on wooden steps is certainly foreseeable in the month of March," and that the railroad "simply disregarded the common knowledge that wooden steps may become hazardous in this region in the wintertime because of ice and snow." *Id.*

¶ 20. *Kimbler* establishes that, under FELA, normal winter conditions may be sufficient notice to railroad employers about the potential for harm due to a slip and fall on ice or snow. Therefore, even assuming that everything in Simmons' and Siverling's affidavits is true, Soo Line has not established a prima facie case for summary judgment. This is particularly true in light of the liability standards under FELA, which guide our review on summary judgment. *See Lisek*, 30 F.3d at 832. We reverse the circuit court's order granting Soo Line's motion for summary judgment, and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.